UNITED STATES DISTRICT COURT
FIRST DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                                      DOCKET NO.:

MARIA MENESES,
          Plaintiff,

vs.                                                               COMPLAINT

NORWEGIAN CRUISE LINES,
          Defendant

## GENERAL INFORMATION APPLICABLE TO ALL PARTIES AND CLAIMS

1. The Plaintiff, Maria Meneses is an Individual who at all times material hereto is a resident of Somerville, Massachusetts, and makes as her address the address of 41 Clyde Street, Apt. # 1, Somerville, County of Middlesex, in the Commonwealth of Massachusetts;

2. The Defendant, Norwegian Cruise Lines is a Corporation, better known as NCL Corporation, Ltd. which makes as its principal place of business the address of 7665 Corporate Center Drive, Miami, Miami County, Florida;

3. The Plaintiff while a guest at the Foxwood Resort Casino won a Norwegian Cruise Lines seven (7) day cruise on the Cruise Ship "Breakaway" from December 15th through December 22nd of 2013, and in accordance with the Terms and Conditions of the Prize, the Plaintiff accepted the cruise, and the cruise left New York on Sunday, December 15th at approximately 3:00 P.M. heading for the Caribbean;

4. At all times material hereto, the Defendant was the owner and was in control of the Cruise Ship "Breakaway" from Port to Port;

## COUNT I: NEGLIGENCE
### (FAILURE TO MAINTAIN A PROPER INGRESS AND EGRESS AND FAILURE TO REMOVE DANGEROUS CONDITIONS)

5. On the third day of the cruise, December 17th at approximately 9:00 A.M., the Plaintiff went to the front part of the 18th Floor Deck to view the vessel proceeding through the water. Plaintiff had to use the staircase to the 18th floor due to the fact that the elevators were not accessible to her at that time;

6. Following her viewing of the vessel proceeding through the waters, she headed back to the staircase to head back to the elevators on the 17th floor, and approximately 20 feet from the staircase, the Plaintiff tripped on a lounge chair which was protruding out into the walkway and not in alignment with other furniture in the hallway, and upon tripping on the same, fell to the ground and injured her left shoulder;

7. As a result of the fall, the Plaintiff sustained very serious injuries to her left shoulder, which were then described by Medical Staff Members as a separated shoulder and minor bruising;

8. The Defendant Staff knew or should have known that the protruding lounge chair was ultra-hazardous, was interfering with the normal flow of foot traffic through that hallway, and in close proximity to the 18th floor staircase to the 17th floor, and as a result of the failure of Defendant and its Staff to maintain the passageway free from obstacles, the Plaintiff was injured.

## COUNT II: NEGLIGENT TREATMENT AND CARE FOLLOWING INJURY ON DECK

Plaintiff repeats, realleges, and incorporate by reference each of the allegations contained in paragraphs 1 through 8 above, as though specifically restated, and in addition thereto state the following:

9. Medical Personnel on the Cruise Ship "Breakaway" proceeded to treat the Plaintiff, who had been brought to their Emergency Room in great pain;

10. X-Rays were taken which revealed a significant separation;

11. Medical Personnel medicated the Plaintiff without her consent and without obtaining authority;

12. The Plaintiff's Son was called to the Emergency Room, conferred with Medical Personnel, was asked to sign various forms of paper work in order to administer medications and to administer medications which had been previously administered without the benefit of the Plaintiff's authority, then Agents and Employees of the Defendant Cruise Line placed the Plaintiff's arm in a sling, instructed her to take pain medication, and indicated that "the shoulder had been reassembled and that no other damage was sustained, and that within a few weeks it would go away, and the shoulder should be back to normal";

13. This diagnosis/opinion as to the Plaintiff's medical condition was grossly inaccurate, failed to consider and make the observation that the Plaintiff, upon falling and hitting the deck has sustained severe prominent left rotator cuff injury;

14. As a result of the failure to properly diagnosis and treat, the Plaintiff was forced to consult with Orthopedic Professionals upon her return from the trip, was required to undergo a surgical procedure for the repair of the significant rotator cuff tear, expended monies for medical care, and attendance of health care professionals and home health care assistance, and was unable to carry on her usual and customary duties of maintaining a household, and as a result of said injuries, has been forced to participate in rehabilitative therapy for an extended period of time, could not care for herself or other family members, was unable to operate a motor vehicle, was and remains totally dependent upon friends and family for her care and is now unable to care for her basic daily needs;

15. As a result of the failure of Defendant's Employees, Servants, Para-Professionals and other Medical Staff Members too properly diagnosis and treat the Plaintiff, the Plaintiff has been further damaged, and is now permanently disabled.

## COUNT III: UNFAIR AND DECEPTIVE TRADE AND SETTLEMENT PRACTICES
### (M.G.L. CHAPTER 93A)

Plaintiff repeats, realleges, and incorporate by reference each of the allegations contained in paragraphs 1 through 15 above, as though specifically restated, and in addition thereto state the following:

16. Following the Plaintiff's return to Massachusetts and following a comprehensive consultation with Medical Professionals in Massachusetts, the Plaintiff being immobilized and disabled, scheduled surgical correction of the injuries, and on or about March 17th of 2014 notified the Defendant via Letter making a Demand for compensation due to the negligence, negligent treatment, and the failure to properly treat the Plaintiff while a guest on the Cruise Ship. A copy of the Letter with certification is annexed hereto Exhibit "1";

17. Thereafter, on May 21st of 2014, the Defendant through its Claim Representative wrote back requesting further Medical Reports and Records of the Plaintiff's treatment, prognosis, and recovery. A copy of this Letter is annexed hereto as Exhibit "2";

18. Thereafter, on June 2nd of 2014, Plaintiff thereafter wrote, enclosed comprehensive medical records of the Beverly Hospital evidencing and confirming the surgical procedure, in particular, and annexed all records from said Medical Facility, and forwarded the same with additional written correspondence, again affirming Demand made upon the Defendant in the amount of $200,000.00, as fair compensation for the injuries and failed diagnosis and treatment endured by the Plaintiff while a guest on said cruise ship. A copy of this letter correspondence dated June 2nd of 2014 with the annexed Medical Records of the Beverly Hospital is annexed hereto as Exhibit "3";

19. Again on August 21st, Plaintiff supplemented the medical records, enclosing copies of the Spaulding Out-Patient Centers and again, reaffirming Demand previously made, and requesting that the Agent for Norwegian Cruise Lines forward the Letter Claim and Medical Records to the Liability Insurance Carrier for its administration of the claim. A

copy of the August 21st of 2014 Letter with the annexed Records of the Spaulding Out-Patient Centers is annexed hereto as Exhibit "4";

20. Thereafter, without processing the Claim, Defendant communicated via Certified Mail on November 14th Demanding a Theory of Recovery. Plaintiff thereafter, on March 4th of 2015, following the inaction and failed communication of the Defendant, wrote and furnished in accordance with the Claim Representatives Request two (2) Theories of Recovery, one (1) in Negligence and one (1) in Negligent Treatment following Plaintiff's sustaining of the injuries. A copy of Defendant's Letter dated November 14th of 2014 is annexed as Exhibit "5", and a copy of Plaintiff's Counsels letter of March 4th of 2015 is annexed hereto as Exhibit "6";

21. Thereafter, on March 16th of 2015, following more than a year of correspondence as between the parties and the supplementation of various medical records, the Claims Representative for Defendant wrote and indicated that according to the Terms and Conditions as contained in the Passenger Ticket Contract that unless suit had been filed by December 18th of 2014, no suit could be maintained, and as such, Defendant denied compensation. A copy of the March 16th of 2015 Letter is annexed hereto as Exhibit "7";

22. The Defendants action in attempting to limit the Statute of Limitations to one (1) year within the date in which the claim arose, is not only legally inaccurate, but Unfair and Deceptive within the meaning of M.G.L. Chapter 93A;

23. The action of the Defendant in requesting information and continuously receiving information, but failing to act on the Claim reasonably presented is Unfair and Deceptive both as a Trade and as a Settlement Practice within the meaning of M.G.L. Chapter 93A;

24. The action of attempting to assert that the Plaintiff executed a Contract limiting the Statute of Limitations when, in fact, Plaintiff signed nothing, all in attempt to avoid liability for negligent maintenance of the decks and hallways, as well as, the grossly negligent failure to properly diagnosis and treat the Plaintiff for her serious disabling injuries is both Unfair and Deceptive within the meaning of M.G.L. Chapter 93A, and as

such, the Plaintiff has sustained further damages and injuries, and has been forced to retain Counsel for purposes of the proper pursuit of her claim within the Statute of Limitations, given the failure of the Defendant to properly acknowledge liability and equitably resolve the claim herein.

WHEREFORE, Plaintiff Demands:

1. Judgment on Count I together with interest and costs;

2. Judgment on Count II together with interest and costs;

3. That this Honorable Court make a Determination that substantially all of the defenses of the Defendant are frivolous, advanced in bad faith, and were Unfair and Deceptive within the meaning of M.G.L. Chapter 93A, and in making said Specific Finding, that this Honorable Court Award double or treble damages, and make provisions for the Award of reasonable Attorney's Fees as are provided for within the Statute; and

4. For such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,
Maria Meneses,
By her Attorney,

David T. Fulmer, Esq.
576 Main Street
Winchester, MA 01890
Telephone: (781) 721-2111
            (617) 549-6970
B.B.O. # 181330

Dated: September 10, 2015